## John Hancock Mutual Life Insurance Co. v. Whiting

*Kevin M. Richards*, for plaintiff.

*Jeffrey B. Matzkin*, for defendant Patricia A. Whiting.

BACKENSTOE, *P.J.*, May 11, 1989 — Before us for disposition is counsel's petition on behalf of Patricia A. Whiting asserting that she alone is entitled to the proceeds of her father's life insurance policy.

On August 12, 1986, the insured, Stephan H. Whiting, was found beaten to death. His son, Sean Whiting, was accused of committing murder in the first degree and criminal conspiracy.[1] Sean Whiting was a minor at the time of the event and subsequently, after hearing, the case was transferred from the Criminal Court to the Juvenile Court Division. At trial, the allegations against Sean Whiting were sustained.

At the time of his death Stephan H. Whiting had a life insurance contract with the John Hancock Mutual Life Insurance Company (listed as plaintiff in this action). Upon the death of Stephan Whiting the contract provided that the proceeds were to be distributed: (1) 100 percent to Sandra L. Whiting,

---

1. Sean was accused of conspiring with his mother, Sandra Whiting, in causing the death of Stephan Whiting.

his wife, (2) 100 percent to Sean S. Whiting, his son; (3) 100 percent to Patricia A. Whiting, his daughter.

In view of the above circumstances, plaintiff filed an interpleader action to determine the beneficiaries' rights to the aforesaid life insurance policy.[2] On June 23, 1988, Sandra Whiting was barred from asserting any claims to the life insurance proceeds. On November 10, 1988, counsel filed this motion and argument having been held, the case is ready for disposition.

The purpose of the summary judgment procedure is to avoid a useless trial when there is no issue of fact and the controversy may be determined as a question of law. 2B Anderson Pennsylvania Civil Practice § 1035.26 (Supp. 1988). In the within matter there are no material facts in issue. The sole question is whether as a matter of law the Pennsylvania's Slayer's Act prohibits Sean Whiting (a juvenile) from receiving his share of the life insurance proceeds.

In Pennsylvania the Slayer's Act provides that "no slayer shall in any way acquire any property or receive any benefit as the result of the death of a decedent but such property shall pass as provided in the sections following."[3] 20 Pa.C.S. §8802. A slayer is defined as "any person who participates, either as

2. On May 31, 1988, by order of the Honorable James K. Gardner, the plaintiff was ordered to deposit the insurance proceeds with this court and discharged plaintiff from any liability to the claimants.

3. "20 Pa.C.S. §8811. *Proceeds of Insurance* —

"(a) Insurance proceeds payable to the slayer as the beneficiary or assignee of any policy or certificate of insurance on the life of the decedent, or as the survivor of a joint life policy, shall be paid to the estate of the decedent unless the policy or certificate designates some person not claiming through the slayer as alternative beneficiary to him."

a principal or as an accessory before the fact, in the willful and unlawful killing of any other person." 20 Pa.C.S. §8801.

The question before us is whether the Slayer's Act applies when the slayer is a juvenile. Counsel for Sean Whiting does not deny that the killing was willful and unlawful; however, he contends that the purpose of the Slayer's Act is to punish and punishment is not a proper objective of the Juvenile Act. Counsel emphasizes that the purpose of the Juvenile Act is "to remove from children committing delinquent acts the consequences of criminal behavior and to substitute therefore a program of supervision, care and rehabilitation." 42 Pa.C.S. §6301(b)(2).

In *Bosley v. Hawkins,* 24 Ohio Misc.2d 11, 494 N.E.2d 460 (1985), a minor who had killed her father attempted to inherit from his estate. The Ohio court acknowledged that a question to be addressed was whether the policy behind their Slayer's Act could be reconciled with the public policy of rehabilitating minors. The court held that the statutes were not in conflict noting the requirement that juveniles be held to the constraints of the civil law, which does not involve punishment or a criminal record, would not appear to be inconsistent with the ends which are attempted in the juvenile justice system.

Similarly, *In re Sengillo's Estate,* 206 Misc. 751, 134 N.Y.S.2d 800 (1954) a 15-year-old boy murdered his father and then attempted to collect a share of his father's estate. *Id.* at 800. The New York court provided:

"It has been contended that to deprive this boy of his distributive share is to impose an additional penalty. To hold that he cannot take his share is no additional penalty or punishment since he had no property, the property in question that of Corrado

Sengillo [the father]. On December 5, 1953, deceased had a prospect of a future life, the duration or length of which was uncertain and this same situation was true as to Robert Sengillo [the son]. The duration of the uncertainty of the future life of the father was that day made certain by the act of Robert Sengillo and by the same act he cannot profit, since to hold that he takes his share as a distributee, would be to reward him for shooting his father." *Id.* at 802.

We note further that the General Assembly specifically provided that the Slayer's Act "[s]hall not be considered *penal* in nature, but shall be construed broadly in order to effect the policy of this state that no person shall be allowed to profit by his own wrong wherever committed." 20 Pa.C.S. §8815 (emphasis supplied); see also, *In re Kravitz Estate*, 418 Pa. 319, 211 A.2d 443 (1965). Consequently, we believe the legislature has indicated that the Slayer's Act is not a form of punishment but a way of not rewarding those who commit a wrong. Thus, the public policies behind the Slayer's Act and the Juvenile Act do not conflict.

Finally, counsel alleges that the juvenile was adjudged a juvenile delinquent and that in order for the Slayer's Act to apply he had to be convicted under the Crimes Code. However, the language in 20 Pa.C.S. §8801 does not support this contention. A slayer is *"any person . . . who participates in the willful and unlawful killing of another."* (emphasis supplied) Moreover, the present statute was amended to eliminate the requirement that a conviction precede application of the Slayer's Act. *In re Estate of Klein,* 474 Pa. 416, 378 A.2d 1182, 1185-6 (1977).

Accordingly, for the above reasons we grant Patricia Whiting's motion for summary judgment.

## ORDER

Now, this May 11, 1989, upon consideration of the briefs submitted by counsel, following oral argument upon the matter and for the reasons set forth in the accompanying opinion, it is hereby ordered that Patricia A. Whiting's motion for summary judgment is granted.

